# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID E. JORDAN,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0377**  (BOR Appeal No. 2048894)
(Claim No. 2013019935)

**MECHEL BLUESTONE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David E. Jordan, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mechel Bluestone, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2014, in which the Board modified an October 17, 2013, Order of the Workers' Compensation Office of Judges to reflect that the only compensable component of the instant claim is a lumbar strain. In its Order, the Office of Judges reversed the claims administrator's February 8, 2013, decision rejecting Mr. Jordan's claim for workers' compensation benefits, and the Office of Judges held the claim compensable for sprain of the neck, lumbar strain, cervical segmental dysfunction, and a non-allopathic thoracic lesion. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jordan alleges that he was injured in the course of his employment as an underground coal miner on January 23, 2013, while pulling tram cable through a firewall. Several hours after the incident, Mr. Jordan sought treatment at Raleigh General Hospital's emergency department. He reported experiencing burning pain in his lumbar spine that began after pulling on a heavy cable at work and was diagnosed with a lumbar strain. Also on January 23, 2013, an Employee's

1

and Physician's Report of Injury was completed, with the physician's portion of the report listing the injury as an acute muscle strain of the lumbar spine. Mr. Jordan completed an injury questionnaire provided by Mechel Bluestone on January 28, 2013, wherein he indicated that he experienced pain from the middle of his back to the right shoulder blade after pulling on a tram cable.

Mr. Jordan later sought treatment with Brian Barit, D.C., who completed an Employee's and Physician's Report of Injury on February 5, 2013. Dr. Barit listed the following body parts as injured in relation to the January 23, 2013, incident: headache, neck, mid-back, and lower back. He diagnosed Mr. Jordan with a neck sprain, a thoracic spine sprain, non-allopathic lesions of the thoracic region, and non-allopathic lesions of the cervical region. In subsequent treatment notes, Dr. Barit lists Mr. Jordan's diagnoses as neck sprain, thoracic sprain, headache, backache, thoracic pain, muscle spasm, cervical segmental dysfunction, non-allopathic thoracic lesion, multiple cervical subluxations, lumbar subluxation, and sacroiliac subluxation.

On February 8, 2013, the claims administrator rejected Mr. Jordan's application for workers' compensation benefits. On October 17, 2013, the Office of Judges reversed the February 8, 2013, claims administrator's decision and held the claim compensable for neck sprain, cervical segmental dysfunction, non-allopathic thoracic lesion, and lumbar strain. On March 26, 2014, the Board of Review modified the October 17, 2013, Order of the Office of Judges to reflect that the sole compensable component of the claim is a lumbar strain. On appeal, Mr. Jordan asserts that the evidence of record demonstrates that the October 17, 2013, Order of the Office of Judges should be reinstated.

The Office of Judges found that the evidence of record clearly shows that Mr. Jordan sustained an injury in the course of and resulting from his employment. The Office of Judges then found that the January 23, 2013, treatment notes from Raleigh General Hospital demonstrate that Mr. Jordan sustained a lumbar strain in the course of his employment on January 23, 2013. Further, the Office of Judges found that evidence received from Dr. Barit indicates that Mr. Jordan also sustained a neck sprain, cervical segmental dysfunction, and a non-allopathic thoracic lesion in the course of his employment on January 23, 2013.

In its Order reversing the Office of Judges' decision, the Board of Review determined that the Office of Judges' analysis and conclusions regarding Mr. Jordan's cervical and thoracic conditions are clearly wrong. The Board of Review noted that when Mr. Jordan sought treatment at Raleigh General Hospital on the date of injury, the clinical impression was lumbar strain with no mention of a cervical or thoracic component. The Board of Review further noted that it was not until Mr. Jordan sought treatment with Dr. Barit that thoracic and cervical complaints were mentioned as possible compensable components of the claim. The Board of Review then concluded that the preponderance of the evidence establishes only that Mr. Jordan sustained a lumbar strain in the course of his employment on January 23, 2013, and that he did not incur a cervical or thoracic condition in the course of and resulting from his employment on January 23, 2013. We agree with the reasoning and conclusions expressed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum